Case 4:16-cv-01461 Document 4 Filed in TXSD on 05/26/16 Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
May 26, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CARMEN SANCHEZ-ESPINOSA, §
 §
 Petitioner, §
 §  CIVIL ACTION NO. H-16-1461
v. §  (Criminal No. H-13-462-01)
 §
UNITED STATES OF AMERICA, §
 §
 Respondent. §

**MEMORANDUM OPINION AND ORDER**

Petitioner, Carmen Sanchez-Espinosa, has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("§ 2255 Motion") (Docket Entry No. 37).[1] On September 13, 2013, petitioner pleaded guilty to illegal reentry after a felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(1); and on November 22, 2013, petitioner was sentenced to twelve months and one day in prison and three years of supervised release (Judgment in a Criminal Case, Docket Entry No. 24).

After petitioner completed the custodial portion of her sentence, the government moved to revoke her supervised release because she had been convicted of theft in state court and had again illegally reentered the United States (Petition for Warrant or Summons for Offender Under Supervision, Docket Entry No. 26).

---

[1]All docket entry references are to Criminal No. H-13-462.

On March 4, 2016, petitioner admitted both violations, and the court revoked her supervised release and sentenced her to eighteen months in prison (Judgment in a Criminal Case, Docket Entry No. 36).

As the sole ground for relief in her § 2255 Motion, Sanchez-Espinosa alleges:

> A. Ground One: Violation of constitutional right — Amendment V — Due Process.
>
> Supporting FACTS (state *briefly* without citing cases or law) The U.S. Supreme Court has deemed the residual clause vague and unconstitutional for crimes of violence.

Although Sanchez-Espinosa's § 2255 Motion only complains of her November 2013 conviction, since she has already served that sentence and is now in custody for a supervised release violation, the court will also consider her claim as a challenge to her revocation sentence.

The Court has carefully reviewed Sanchez-Espinosa's motion as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts and concludes that a response to her motion is not required.

In Johnson v. United States, 135 S. Ct. 2551 (2015), the Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), for purposes of sentence enhancement for a felon's possession of a firearm was unconstitutionally vague. In Welch v. United States, 136 S. Ct.

1257 (2016), the Court held that its decision in Johnson announced a substantive rule that applied retroactively on collateral review.

Neither Sanchez-Espinosa's original sentence nor her sentence on revocation was based on the ACCA, and the ACCA did not affect her advisory sentencing guideline range. The court therefore concludes that Sanchez-Espinosa is not entitled to relief under § 2255, either as to her original sentence or her sentence on revocation.

Accordingly, Sanchez-Espinosa's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Docket Entry No. 37) is **DISMISSED WITH PREJUDICE**.

The Clerk of Court is **ORDERED** to provide a copy of this Memorandum Opinion and Order to Carmen Sanchez-Espinosa and to the United States Attorney for the Southern District of Texas, and to file a copy of this Memorandum Opinion and Order in the corresponding civil action.

**SIGNED** at Houston, Texas, on this the 26th day of May, 2016.

SIM LAKE
UNITED STATES DISTRICT JUDGE